# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD ANTHONY MAYE,** | : | |
| **Plaintiff** | : | **No. 1:21-CV-0530** |
| | : | |
| **v.** | : | **Magistrate Judge Schwab** |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | **Electronically Filed Document** |
| **CORRECTIONS, ET AL.,** | : | |
| | : | |
| | : | *Complaint Filed 03/23/21* |
| **Defendants** | : | |

## COMMONWEALTH DEFENDANTS' AMENDED ANSWER & AFFIRMATIVE DEFENSES TO THE COMPLAINT

Commonwealth Defendants the Pennsylvania Department of Corrections (Department), former Unit Manager Josefowicz, Lieutenant Starck, Corrections Officer Lynch, Captain Meyer, former Unit Manager Marsico, Corrections Officer Linkiewicz, former Captain Starzynski, former Lieutenant Amaral, and CO Beers (Commonwealth Defendants), through counsel, hereby file this Answer and Affirmative Defenses to the Complaint.

## I.   INTRODUCTION[1]

1.    This is a conclusion of law to which no response is required.  To the extent that a response is required, DENIED.

---

[1] Commonwealth Defendants are adopting the headings utilized by Plaintiff purely for organization and convenience of the reader.  In using these headings, Commonwealth Defendants are not making any admission regarding their content and expressly deny any factual averments contained therein.

**II.**  **JURISDICTION AND VENUE**

2.      All prior DENIALS are incorporated herein.

3.      This is a conclusion of law to which no response is required.  To the extent that a response is required, DENIED.

4.      This is a conclusion of law to which no response is required.  To the extent that a response is required, DENIED.

**III.**  **PARTIES**

5.      All prior DENIALS are incorporated herein by reference.

6.      ADMITTED.

7.      ADMITTED.

8.      ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Linkowicz was and is employed by the Department.  Any other factual averments made within this paragraph are DENIED.

9.      ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Marsico was employed by the Department.  Any other factual averments made within this paragraph are DENIED.

10.      ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Lynch was and is employed by the Department.  Any other factual averments made within this paragraph are DENIED.

11.    ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Stark was and is employed by the Department.  Any other factual averments made within this paragraph are DENIED.

12.    ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Amaral was employed by the Department.  Any other factual averments made within this paragraph are DENIED.

13.    ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Myer was and is employed by the Department.  Any other factual averments made within this paragraph are DENIED.

14.    ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Beers was employed by the Department.  Any other factual averments made within this paragraph are DENIED.

15.    ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Josefowicz was employed by the Department.  Any other factual averments made within this paragraph are DENIED.

16.    ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Starzinski was employed by the Department.  Any other factual averments made within this paragraph are DENIED.

17.    This paragraph references Defendants John Doe(s), parties who are not represented by this undersigned counsel; as such, no response is required.

18.    This paragraph references Defendants John Doe(s), parties who are not represented by this undersigned counsel; as such, no response is required.

19.    This paragraph references Defendants John Doe(s), parties who are not represented by this undersigned counsel; as such, no response is required.

20.    This is a legal conclusion to which no response is required.  To the extent that a response is required, DENIED.  By way of further response, to the extent this paragraph makes allegations regarding Defendant John Doe(s), parties who are not represented by this undersigned counsel, no response is required.

21.    This is a legal conclusion to which no response is required.  To the extent that a response is required, DENIED.  By way of further response, to the extent this paragraph makes allegations regarding Defendant John Doe(s), parties who are not represented by this undersigned counsel, no response is required.

22.    This is a legal conclusion to which no response is required.  To the extent that a response is required, DENIED.  By way of further response, to the extent this paragraph makes allegations regarding Defendant John Doe(s), parties who are not represented by this undersigned counsel, no response is required.

23.    This is a legal conclusion to which no response is required.  To the extent that a response is required, DENIED.  By way of further response, to the extent this paragraph makes allegations regarding Defendant John Doe(s), parties who are not represented by this undersigned counsel, no response is required.

## IV.   **STATEMENT OF CLAIM**

24.    All prior DENIALS are incorporated herein.

25.    DENIED AS STATED.   By information and belief, Plaintiff was transferred from J Block to F Block at SCI Dallas on March 27, 2019.

26.    ADMITTED.

27.    ADMITTED.

28.    DENIED.

29.    DENIED.

30.    DENIED.

31.    ADMITTED.

32.    ADMITTED.

33.    DENIED.

34.    DENIED AS STATED.   It is ADMITTED only that Plaintiff was transferred from J Block to F Block.   Any other factual averments made are DENIED.

35.    DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of this statement; therefore, any factual averments made are DENIED.

36.    DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of this statement; therefore, any factual averments made are DENIED.

37.    DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of this statement; therefore, any factual averments made are DENIED.

38.    DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of this statement; therefore, any factual averments made are DENIED.

39.    ADMITTED.

40.    DENIED.

41.    After reasonable investigation, Commonwealth Defendants are without information or knowledge to verify whether Plaintiff asked his cellmate to move to the top bunk or what or how his cellmate responded; therefore, any averments made within this paragraph are DENIED.

42.    After reasonable investigation, Commonwealth Defendants are without information or knowledge to verify what Plaintiff allegedly told several staff members; therefore, any averments made within this paragraph are DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

43.    DENIED.

44.    DENIED AS STATED.  Commonwealth Defendants did not refuse to make a bottom bunk available for Plaintiff.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

45.    DENIED.

46.    DENIED.

47.    DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of whether Plaintiff slept on the top or bottom bunk in his cell during this unspecified time period; therefore, any factual averments made are DENIED.

48.    DENIED.

49.    DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of what Plaintiff allegedly told all staff members at SCI Dallas; therefore any factual averments made are DENIED.

50.    DENIED.

51.    ADMITTED.

52.    ADMITTED.

53.    ADMITTED.

54.     DENIED.     Commonwealth Defendants are without knowledge or information to verify the veracity of what the transporting officers informed hospital staff; therefore, any factual averments made are DENIED.

55.     DENIED AS STATED.   By way of further response, this paragraph refers to a document which speaks for itself.

56.     DENIED.     Commonwealth Defendants are without knowledge or information to verify the veracity of what Plaintiff allegedly informed hospital staff; therefore, any factual averments made are DENIED.

57.     DENIED.     Commonwealth Defendants are without knowledge or information to verify the veracity of what un-named DOC staff informed hospital staff; therefore, any factual averments made are DENIED.

58.     ADMITTED.

59.     DENIED AS STATED.   To the extent that this paragraph refers to Plaintiff's medical records relating to this hospital visit and treatment, these records are documents which speak for themselves.

60.     ADMITTED.

61.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.   By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

62.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

63.     As Plaintiff fails to indicate what time this allegation refers, Commonwealth Defendants are without knowledge or information to verify the veracity of the statements made; therefore, all factual averments made are DENIED.

64.     ADMITTED.

65.     ADMITTED.

66.     DENIED AS STATED.  By way of further response, there are a few steps to enter and exit F Block.

67.     DENIED AS STATED.   Commonwealth Defendants are without knowledge or information to verify the veracity of what caused Plaintiff to lose consciousness; therefore, any factual averments made are DENIED.

68.     ADMITTED.

69.     ADMITTED.

70.     After reasonable inquiry, Commonwealth Defendants are without knowledge or information to verify the veracity of what Plaintiff allegedly told hospital staff; therefore, any factual averments made are DENIED.

71.     ADMITTED.

72.     DENIED AS STATED.   This paragraph refers to a document which speaks for itself.

73.     This paragraph is a conclusion of law to which no response is required. To the extent a response is required, DENIED.   By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

74.     This paragraph is a conclusion of law to which no response is required. To the extent a response is required, DENIED.   By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

75.     After reasonable inquiry, Commonwealth Defendants are without knowledge or information to verify the veracity of whether Plaintiff suffers from previous injuries; therefore, any factual averments made are DENIED.

76.     After reasonable inquiry, Commonwealth Defendants are without knowledge or information to verify the veracity of whether Plaintiff wears a back brace or what type of pain he experiences; therefore, any factual averments made are DENIED.

77.     After reasonable inquiry, Commonwealth Defendants are without knowledge or information to verify the veracity of whether Dr. Prince allegedly

informed Plaintiff of this alleged fact; therefore, any factual averments made are DENIED.

78.     DENIED.  By way of further response, Commonwealth Defendants are without knowledge or information to verify the veracity of whether Plaintiff has received physical therapy since March of 2019; therefore, any factual averments made are DENIED.

79.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

80.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

81.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

82.     After reasonable inquiry, Commonwealth Defendants are without knowledge or information to verify the veracity of whether Plaintiff suffers from these alleged items; therefore, any factual averments made are DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

83.     DENIED.

84.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

**<u>COUNT I:</u>**

85.     All prior DENIALS are incorporated herein.

86.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

87.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

88.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

89.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

90.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

91.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

92.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

93.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

94.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

95.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

96.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

97.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response,

any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

98.     This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response, any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

This is a WHEREFORE clause stating a request for relief to which no response is required; to the extent a response is required, DENIED.

## COUNT II:

99.     All prior DENIALS are incorporated herein.

100.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

101.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

102.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

103.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

104.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

105.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

This is a WHEREFORE clause stating a request for relief to which no response is required; to the extent a response is required, DENIED.

**COUNT III:**

106.  All prior DENIALS are incorporated herein.

107.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

108.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

109.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

110.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

This is a WHEREFORE clause stating a request for relief to which no response is required; to the extent a response is required, DENIED.

**V.**    **PUNITIVE DAMAGES**

111.  All prior DENIALS are incorporated herein.

112.  This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, DENIED.  By way of further response,

any averments made referring to Defendants John Doe(s) do not require a response as they are not represented by this undersigned counsel.

This is a WHEREFORE clause stating a request for relief to which no response is required; to the extent a response is required, DENIED.

## VI.   **DEMAND FOR JURY TRIAL**

113.   All prior DENIALS are incorporated herein.

114.   This paragraph contains a request for relief to which no response is required.  To the extent a response is required, DENIED.

This is a WHEREFORE clause stating a request for relief to which no response is required; to the extent a response is required, DENIED.

    a.   This is a request for relief to which no response is required; to the extent a response is required, DENIED.

    b.   This is a request for relief to which no response is required; to the extent a response is required, DENIED.

    c.   This is a request for relief to which no response is required; to the extent a response is required, DENIED.

    d.   This is a request for relief to which no response is required; to the extent a response is required, DENIED

    e.   This is a request for relief to which no response is required; to the extent a response is required, DENIED.

f.  This is a request for relief to which no response is required; to the extent a response is required, DENIED.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, Commonwealth Defendants assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Commonwealth Defendants are immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred based on lack of personal involvement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust available administrative remedies regarding one or more of his claims required by the Prisoner Litigation Reform Act of 1995.

## FIFTH AFFIRMATIVE DEFENSE

At no time have Commonwealth Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges, or immunities secured by him to the Constitution or laws of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Commonwealth Defendants had legitimate penological reasons for all decisions made and actions taken.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the damages he seeks.

## EIGHTH AFFIRMATIVE DEFENSE

Commonwealth Defendants have not acted with deliberate, intentional, or reckless indifference toward Plaintiff or his conditions of confinement.

Commonwealth Defendants reserve the right to assert additional Affirmative

Defenses, as appropriate, that become available during the pendency of this litigation.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:**   *s/ Mary Katherine Yarish*
 _____

**Office of Attorney General**      **MARY KATHERINE YARISH**
**15th Floor, Strawberry Square**    **Deputy Attorney General**
**Harrisburg, PA 17120**            **Attorney ID #328843**
**Phone: (717) 783-6315**

**myarish@attorneygeneral.gov**      **KAREN M. ROMANO**
                                    **Chief Deputy Attorney General**
                                    **Civil Litigation Section**
**Date:   August 2, 2021**

                                    *Counsel for Defendants Pennsylvania*
                                    *Department of Corrections, Josefowicz,*
                                    *Starck, Lynch, Meyer, Marsico,*
                                    *Linkiewicz, Starzynski, Amaral, & Beers*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD ANTHONY MAYE,** | : | |
| **Plaintiff** | : | **No. 1:21-CV-0530** |
| | : | |
| **v.** | : | **Magistrate Judge Schwab** |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | **Electronically Filed Document** |
| **CORRECTIONS, ET AL.,** | : | |
| | : | |
| | : | *Complaint Filed 03/23/21* |
| | : | |
| **Defendants** | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on August 2, 2021, I caused to be served a true and correct copy of the foregoing document titled *Commonwealth Defendants' Amended Answer & Affirmative Defenses to the Complaint* to the following:

<u>**VIA ECF**</u>

Leonard M. Gryskewicz, Jr., Esquire
Lampman Law
2 Public Square
Wilkes-Barre, PA  18701
lenny@lampmanlaw.com
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　 *s/ Mary Katherine Yarish*
　　　　　　　　　　　　　　　　**MARY KATHERINE YARISH**
　　　　　　　　　　　　　　　　Deputy Attorney General