IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ANTHONY MAYE,<br>Plaintiff<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br>Defendants | : No. 1:21cv530<br>:<br>: (Judge Munley)<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW,** to wit, this 13th day of November 2023, we have before us for disposition the report and recommendation of United States Magistrate Judge Susan Schwab (Doc. 50), recommending that the court grant the motion for partial summary judgment filed by Plaintiff Edward Anthony Maye ("Maye") (Doc. 33) and deny the motion for summary judgment filed by the defendants (Doc. 35). The magistrate judge also recommends that the court dismiss the John Doe defendants in this case.

No objections to the report and recommendation have been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that

there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall accept the report and recommendation and adopt it in its entirety.  It is hereby **ORDERED** as follows:

1) The report and recommendation (Doc. 50) is **ADOPTED** in its entirety.
2) Maye's motion for partial summary judgment (Doc. 33) is **GRANTED.**
   a. As to Count I, that defendants Linkiewicz, Lynch, Beers, Marsico, Josefowicz, Meyer, Starzynski, Starck, and Amaral are persons and were acting under the color of state law within the meaning of 42 U.S.C. § 1983.
   b. As to Count II, the Pennsylvania Department of Corrections ("DOC") is a public entity within the meaning of 42 U.S.C. § 12131(1) and Maye is a qualified individual with a disability under 42 U.S.C. § 13131(2).
   c. As to Count III, Maye is a qualified individual with a disability under 29 U.S.C. § 705(2); the DOC receives federal assistance; and the operations of the DOC are programs or activities within the meaning of 29 U.S.C. § 794(b).

3) The defendants' motion for summary judgment (Doc. 35) is **DENIED**.

4) The John Doe defendants are **DISMISSED** from this action.

5) A pre-trial conference shall be scheduled by further order of court.

Date: 11/13/23

BY THE COURT:

_____
**JUDGE JULIA K. MUNLEY**
United States District Court