# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD ANTHONY MAYE** | : | **No. 1:21CV530** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, et al.,** | : | |
| **Defendants** | : | |

## ORDER

The above civil case is listed for a **pretrial conference** on **Monday, March 18**, **2024 at 10:00** in the courtroom of Judge Julia K. Munley, William J. Nealon Federal Building and United States Courthouse, 235 N. Washington Ave., Scranton, PA.  **All counsel and prose parties are hereby attached.**

    Strict compliance with Local Rules 16.2 (Participants), 16.3 (Conference of Attorneys), and 16.6 (Pretrial Memorandum) and the court's Standing Order #1 concerning the pretrial conference is required.  The Local Rules are available at https://www.pamd.uscourts.gov/court-info/local-rules-and-orders.  Failure to appear and/or comply with the Local Rules will result in the imposition of sanctions, including dismissal of the case.

    In addition to the requirements of Local Rules 16.3 and 16.6, the parties shall submit a joint statement regarding the case to be read to prospective jurors

prior to *voir dire* in their pretrial memoranda.  The parties shall also provide a short description for each witness as to why they are being offered.

A **settlement conference** will also be conducted at the same date and time as the pretrial conference.  **The failure of a party or a lawyer to participate in a settlement conference may result in the imposition of sanctions against a culpable party or lawyer.**

At least ten (10) days prior to the conference, the parties shall email confidential settlement memoranda to to the Case Administrator, Sylvia Murphy, sylvia_murphy@pamd.uscourt.gov.  The parties shall identify any factual and legal issues and attach any expert reports that they believe may advance negotiations in this matter.  The parties shall also identify all primary and excess policies and the amounts available in coverage, including any amounts from statutorily created funds.  The parties shall also provide a summary of their prior good faith efforts to confer and settle this case and an update in the status of negotiations.

The designated representatives for plaintiff and defendants, including duly authorized representatives of the primary and excess liability insurers shall attend the settlement conference **in person** with authority to negotiate and settle the case **up to the level of the demand**.  To ensure that settlement authority has been secured by the date of the settlement conference, the primary and

excess liability insurers are directed to have the claims at issue in this litigation fully investigated, evaluated, and reviewed by all necessary representatives and committees prior to the date of the settlement conference.  The failure to do so will be deemed a violation of this order and may result in the imposition of sanctions.

**MOTIONS IN LIMINE:**  All motions *in limine*, including those involving the challenge of expert witness testimony under Daubert v. Merrell Dow Pharma., Inc., 509 U.S. 579 (1993), are due fourteen (14) days prior to the pretrial conference.  Briefs in opposition to the motions *in limine*, including Daubert motions, are due seven (7) days prior to the pretrial conference.  The court will not accept briefs longer than six (6) pages double-spaced.

Daubert/ expert witness issues: Under Daubert and Federal Rule of Evidence 702, the court has an obligation to evaluate the reliability of expert testimony "where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question."  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999).  The court, however, will not conduct an evidentiary hearing on every Daubert motion.

The party challenging this evidence must address the issue at the expert's deposition.  If the expert has not been deposed, the complaining party must depose the expert.  A copy of the deposition transcript, expert report(s),

affidavit(s), if any, and the party's brief outlining the basis for their objection to the testimony, with references to page and line numbers of the deposition transcript, are due fourteen (14) days prior to the pretrial conference.  The nonmovant's (respondent) brief in opposition to the Daubert motion is due seven (7) days prior to the pretrial conference.  The court will not accept briefs longer than six (6) pages double-spaced.

As time is of the essence, the court will not address any motion in *limine*, including those regarding Daubert issues, if they are not timely filed.

Date: 1/8/24                              BY THE COURT:

*s/Julia K. Munley*
**JUDGE JULIA K. MUNLEY**
**United States District Court**